UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT SMITH,

    Plaintiff,

v.                                      Case No. 3:14cv231/MCR/CJK

LEWIS, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

    This matter is before the court on plaintiff's "Motion for Leave to File A Motion for Injunctive Remedy/Temporary Restraining Order" (doc. 41), "Motion for Injunctive Remedy/Temporary Restraining Order" (doc. 42), and "Motion for Extension of Time" (doc. 44).

Motion for Leave to File

    Plaintiff's "Motion for Leave to File A Motion for Injunctive Remedy/Temporary Restraining Order" asserts plaintiff "has no plain, adequate or complete remedy at law to redress the wrongs described herein.  Plaintiff has and continue [sic] to suffer irreparable harm or injuries by the unlawful conduct of 'defendants Courtney, et al.' unless this 'court' grants the relief sought." (Doc. 41, p. 1).  The court construes the motion as requesting the court's permission to file a motion for injunctive relief.  Plaintiff's motion for leave to file (doc. 41) will be granted; the court will consider the merits of plaintiff's "Motion for Injunctive Remedy/Temporary Restraining Order" (doc. 42), which was submitted

contemporaneously with the motion for leave to file.

Motion for Injunctive Relief

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (*citing United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). In determining whether a temporary restraining order or preliminary injunctive relief should be granted, the court considers whether the movant has established four requisites: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Sampson v. Murray*, 415 U.S. 61, 88 (1974) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Ala.*, 791 F.2d 1450, 1457 n. 9 (11th Cir. 1986). This necessitates that the relief sought in the

motion be closely related to the conduct at issue in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). Plaintiff must show that the threat of injury to him is "neither remote nor speculative, but actual and imminent." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (*quoting Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir.1989)); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical threat of future injury").

The thrust of plaintiff's motion–which incorporates the allegations of the third amended complaint–is that plaintiff's confinement on close management is unlawful and, at least in part, designed to prevent plaintiff from exercising his "absolute right" to practice Islam and attend group prayer services. (Doc. 42). Plaintiff's motion is not clear as to what relief he is seeking, but the motion appears to suggest the court should enter a blanket order restraining the defendants from acting unconstitutionally. (*Id.*, p. 10). Plaintiff, however, has not established he is entitled to injunctive relief because he has not demonstrated a substantial likelihood of success on the merits or that he will suffer irreparable injury if injunctive relief is not granted.

Plaintiff has not demonstrated a substantial likelihood of success on the merits of this action because he has not submitted a viable complaint. Plaintiff has been directed to file a fourth amended complaint. Plaintiff's initial complaint was not filed on the Northern District of Florida's required form for § 1983 actions brought by state prisoners. (Doc. 1). The amended complaint alleged plaintiff was denied the right to attend group prayer services while on close management. (Doc. 9). The court

Case No. 3:14cv231/MCR/CJK

directed plaintiff to file a second amended complaint after noting the prison regulation preventing close management inmates from attending group prayer services appeared to be reasonable in light of *Turner v. Safley*, 482 U.S. 78 (1987). The second and third amended complaints exceeded the Local Rules' limits on size. (Doc. 30, 39). Because plaintiff has not submitted a complaint that states a viable cause of action and complies with court rules, plaintiff cannot establish a substantial likelihood of success on the merits. As a corollary of plaintiff's failure to submit a viable complaint, no individuals have been served or made parties to this case. Parties from whom injunctive relief is sought must be parties to the underlying action. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995).

Plaintiff has also not established he will suffer irreparable injury if injunctive relief is not granted. Plaintiff's motion implicitly requests that he be allowed to attend group prayer services. Denial of the motion will require plaintiff to forego group prayer services on Fridays. Plaintiff, however, has not alleged a complete denial of his right to practice his religion. The denial of group prayer services while plaintiff litigates this case is not the type of irreparable injury that necessitates injunctive relief. Moreover, plaintiff cannot show, or even colorably argue, that an injunction would preserve the status quo. In fact, granting injunctive relief would disrupt the status quo, and disrupt the prison's use of close management, a practice that is not facially illegal. Accordingly, the threatened injury to plaintiff–denial of group prayer services during the pendency of this litigation–does not outweigh the potential harm created by granting the injunction–federal interference with state prison protocol and the creation of possible safety risks.

Case No. 3:14cv231/MCR/CJK

Based on the foregoing, plaintiff's motion for injunctive relief is wholly inadequate. Accordingly, the motion should be denied.

Motion for Extension of Time

Plaintiff's "Motion for Extension of Time" requests twenty additional days to file the fourth amended complaint. (Doc. 44). Plaintiff indicates additional time is needed because he must request a copy of the Northern District of Florida's Local Rules from the Santa Rosa Correctional Institution law library, which can "take some time." (*Id.*, p. 2). Plaintiff asserts he must consult a copy of the Local Rules before he can comply with the court's May 13, 2015 Order. (*Id.*). The court will grant the requested extension of time. In addition, the court will direct the clerk to forward to plaintiff a copy of the Local Rules cited in its May 13, 2015 Order.

Accordingly, it is ORDERED:

1. Plaintiff's "Motion for Leave to File A Motion for Injunctive Remedy/Temporary Restraining Order" (doc. 41) is GRANTED to the extent indicated in this order.

2. Plaintiff's "Motion for Extension of Time" (doc. 44) is GRANTED. Plaintiff shall have until July 2, 2015, to submit the fourth amended complaint.

3. The clerk shall forward to plaintiff a copy of N.D. Fla. Local Rules 5.1 and 15.1.

And it is respectfully RECOMMENDED:

1. That plaintiff's "Motion for Injunctive Remedy/Temporary Restraining Order" (doc. 42) be DENIED.

At Pensacola, Florida, this 4th day of June, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.